POTTER and Another *v.* THE STATE on the relation of
THOMPSON.

GUARDIAN—BOND.—It is the duty of the Court of Common Pleas to require a guardian to execute an additional bond, if the first bond given by him was in a sum too small to cover the assets in his hands, or to remove him. Page 553.

SAME.—The guardian, having voluntarily executed such additional bond, can not be discharged from its obligations, because he was not compelled to execute it by the order of the court. Page 553.

BOND—EXECUTION OF.—Where the name of the surety was not in the body of the bond, his signature thereto was sufficient.

JUDGMENT AGAINST GUARDIAN.—In a suit against a guardian on his bond, the court in its judgment added ten per cent. damages on the amount found against the guardian, and ordered the judgment to be collected without relief from valuation laws.

*Held*, that this was right. Page 554.

APPEAL from the *Knox* Circuit Court.

ELLIOTT, J.—This is a suit in the name of the state on the relation of *Thompson*, against the appellants on a bond executed by *Potter*, who was the guardian of *Hiram Thompson*, with *Smith* as his surety.

The defendants demurred to the complaint, because it " does not state facts sufficient to constitute a cause of action," but the court overruled the demurrer, to which

the defendants excepted. Answer in denial. The court to which the cause was submitted for trial, by agreement of the parties, found for the plaintiff; motion for a new trial by the defendants overruled, and judgment on the finding. The defendants appeal.

The appellants insist that the court erred in overruling the demurrer to the complaint. The material facts stated in the complaint are, that on the 15th of *September*, 1851, said *Potter* was appointed guardian of said *Hiram Thompson* and others, by the Probate Court of *Knox* county, and as such gave a bond, with surety, in the penalty of $500; that in the year 1858, one *James Thorne*, a commissioner appointed by the Common Pleas Court of said county, in a suit for partition therein pending, wherein *Heben* and *Hodgen* were plaintiffs, and said *Hiram Thompson* and others were defendants, sold, under the order of said court, certain real estate, in said suit sought to be partitioned, and received for said *Hiram Thompson*, from such sale, a large amount of money; that afterward, on the 26th of *March*, 1858, the said *Potter* and *Smith* executed the bond in suit, which was approved by the clerk of said Common Pleas Court, and filed with the papers of said guardianship, and that thereupon the said *Potter*, as such guardian, received from said *Thorne* the sum of $826.82, money arising from said sale, and belonging to said *Hiram*; that said bond was intended to secure the faithful application and payment of said money by the guardian to said *Hiram*, and for the faithful discharge of the duties of said *Potter* as such guardian; that by mistake the name of said *Smith* was omitted in the body of said bond.

The complaint further avers that on the 18th of *January*, 1862, the said *Hiram*, then being over the age of twenty-one years, the said guardian accounted to the Common Pleas Court of said county for the money received by him as such guardian for said *Hiram*; and was then found indebted to said *Hiram* in the sum of $994.95,

$800 whereof were on account of the money so received from said *Thorne;* and that the court thereupon ordered said *Potter* to pay said sum so due to said *Hiram.* It avers a special request and refusal to pay, etc., and demands judgment for the amount due from the guardian, less the sum of $500, the amount of the penalty of his original bond. A copy of the bond is made a part of the complaint. It is in the penalty of $1,600, and conditioned that *Potter* shall faithfully discharge the duties of his trust according to law.

The objections urged to the complaint are: 1. That the bond in suit is an additional or second bond, given by the defendants without an order of the Court of Common Pleas requiring it, and that it was not approved by the court. 2. That it is void because the name of *Smith,* the surety, is not in the body of the bond. The same objections were urged on the trial, when the plaintiff offered the bond in evidence.

It is not denied by the appellants' counsel that the Court of Common Pleas might have compelled the guardian to execute an additional bond, upon its being shown that his original bond was in a sum too small to cover or secure all the money and assets that were in his hands belonging to his ward, or in default thereof to dismiss him from the trust. The power of the court in that respect we think is ample, not only in the exercise of its chancery jurisdiction over the subject, but is also fully conferred by statute. The rights and interests of minors, during their minority, is under the peculiar guardianship of the Court of Common Pleas; and it was not only in the power of that court, but its duty, to require that *Potter* should execute an additional bond, if the first bond given by him was in a sum too small to cover the assets in his hands, or to remove him from the trust. It was also the duty of *Potter* to execute such additional bond when so required by the court. The object of the law is to keep the interests of the ward constantly secure. And if *Potter*

voluntarily discharged his duty in anticipation of a proper requirement of the court, by the prompt execution of a proper bond, and thereby avoided the necessity of such order, we are at a loss to see upon what principle he should be discharged from its obligation, simply because he had not been compelled by the order of the court to execute it. See also 2 G. & H. sec. 5, p. 566. We think the court below did not err in overruling the demurrer to the complaint. The name of *Smith*, the surety, was not in the body of the bond, but this did not render it void as to him; his signature to the bond was sufficient. *Pequankett* v. *Mathes*, 7 N. H. 230; *Smith* v. *Crooker*, 5 Mass. 538. If it were otherwise at common law, it would be cured by sec. 5, 2 G. & H. 566.

The court added, in the final judgment, ten per cent. damages on the amount found against the guardian, and also ordered that the judgment be collected without relief from valuation laws. This was right. See *Potter and Others* v. *The State ex rel. of Thompson*, decided at this term, in which those questions are discussed.

Judgment affirmed, with five per cent. damages and costs.

*J. C. Denny*, for appellant.

*F. W. Viehe*, for appellee.