## THIEBAUD v. DUFOUR.

TRUST AND TRUSTEE.—*Trustee of an Express Trust.—Jurisdiction.*—Where the last will and testament of a deceased person has been admitted to probate in the proper county, the circuit court of such county has jurisdiction of a trust created by such will for the benefit of a person named.

SAME.—*Trustee May be Required to Give Bond.*—The court having jurisdiction of an express trust may, on application by the *cestui que trust*, require the trustee of such trust to execute a bond, with freehold sureties, to secure the performance of such trust and the preservation of its funds.

SAME.—*Notice to Trustee.*—In such application to require such trustee to give bond, no summons nor service thereof is necessary, but simply a reasonable notice of such application and its object.

SAME.—*Pleading.*—In making such application, it is sufficient to allege therein the interest of the applicant, the nature and amount of the trust, the fiduciary capacity of the trustee, and that he has never given bond to secure the preservation of the trust funds and the execution of the trust, and praying that he be required to give such bond.

From the Switzerland Circuit Court.

*H. W. Harrington,* for appellant.

*T. Livings,* for appellee.

HOWK, J.—This cause originated in the court below by the filing of appellee's verified petition, addressed to that court, "in the matter of the trust estate of Harriet Dufour,—John L. Thiebaud, trustee."

In said petition appellee alleged, in substance, that she was the daughter of Charles A. Thiebaud, deceased, who died testate on the 16th day of April, 1871, leaving a large estate, which he by his will, a copy of which was filed with said petition, divided among his children; that the part that came to appellee, the decedent devised and bequeathed to her for her life only, and by said will appointed appellant as trustee to receive and manage said share, and pay to her the rents, profits and interest thereon during her natural life; that the estate of said decedent had been fully settled by the executors of said will, of whom appellant was one, and that appellant had assumed the duties of said trust, under said will, as such trustee;

that there had come into his hands, as said trustee, as he had reported to the court below, three thousand eight hundred and sixty-eight dollars and ninety-eight cents of the appellee's share of her said father's estate; that appellant, as appellee was informed and verily believed, mixed said money with his own private funds and used the same as his own money in merchandising, or if the same was loaned out at interest at any time, that the same was loaned to his son, Charles O. Thiebaud, a young man who had just started in business for himself, and said money was by said Charles O. Thiebaud invested in a stock of retail drugs and medicines, kept by him for sale in the town of Vevay, Switzerland county, Indiana; that said money, if so loaned, or any part of it, was loaned and mixed with other money by appellant to his said son, without security, and the note or other evidence of indebtedness was taken by appellant in his own name, without any designation or indication that the same was trust funds belonging to appellee; that the appellee had requested appellant to give her information as to what disposition he had made of her said funds, whether or not the same were invested or loaned out at interest, and if loaned, to whom, at what rate of interest and how secured, and if used by him, where and for what purpose; that appellant had wholly neglected, failed and refused to give appellee any information whatever concerning said trust funds, where the same were invested, or whether loaned out at interest or not, at what rate, to whom, and how secured; that appellant had heretofore claimed to have kept said funds invested in shares of stock of the First National Bank of Vevay, Indiana; that whatever money he had invested in such shares of stock was invested in his individual name, without any indication or thing whatever to show or distinguish the same from his own private property, or that the same or any part thereof were funds belonging to said trust; that the money thus invested in

said bank-stock appellant claimed only realized six per cent. interest, and appellant reported the same to the court below as belonging to said trust; that during all the time appellant held said bank-stock he had a sum of money, equal in amount to said trust funds, loaned out at ten per cent. interest in his own individual name, just as the said bank-stock was held by him, well secured; that appellant had, as appellee believed, mixed said trust funds with his own individual funds in such manner that it would be impossible for him or for the court below or for appellee to distinguish it or to ascertain what, if any, interest the same might realize, or to enable the court below to distinguish it from appellant's individual assets, in the event of his insolvency or bankruptcy; that three thousand dollars of the bank-stock which appellant owns in the First National Bank of Vevay, Indiana, was purchased at a large premium, and appellant accounts for interest on the amount paid for it by using the dividends, only, declared by said bank on the face value of such stock; that said bank, in July, 1874, increased its capital stock one-half, and in doing so gave the then share-holders the privilege of taking, each, one-half of the amount owned by them, at its face value, when appellant took one thousand five hundred dollars more stock at its face value, which was, as soon as taken, worth in the market a large premium; that appellee did not know what or how much property the appellant owns; that appellee was informed and believed that appellant had a large part of his property invested in perishable property, consisting of a building and retail stock of drugs and medicines, on the south side of Main street, in Vevay, Indiana; that appellant was engaged in said business, as his principal employment, as a druggist, and had but little money invested in land; that appellant listed and appraised for taxation, for the last assessment for taxes, all his individual personal property at four hundred and sixty-five dollars and no more, in addition to which he held three thousand dollars

bank-stock, which appellee believed to have been purchased with trust funds belonging to her and Bedford P. Thiebaud, if at all with trust money; that appellant did not list and return for taxation any taxable property as belonging to said trust; that at the time of the last listing for taxes, appellant and his said son, Charles O. Thiebaud, were in partnership in the drug business, under the name of J. L. Thiebaud & Son, and that appellant listed for taxation for said firm three thousand and forty dollars, and no more; that appellant listed no other personal property as belonging to him; that appellant had, as appellee was informed and believed, three thousand seven hundred and eighty-four dollars and ninety-eight cents which he held in trust for Bedford P. Thiebaud under said will, and which he handled and treated as his own individual money without any distinction whatever, and which was not separately listed for taxation, but was mixed with his individual money, so that appellee could not know nor ascertain what or how much property said appellant owned in his own right or what interest her funds bore; that appellee had requested appellant to secure said trust funds to her and her son, Charles Dufour, who is to take the remainder after her death, in such manner that she might not suffer loss in the event of his insolvency or bankruptcy, but that appellant utterly refused so to do, and declared that he would give no security whatever unless required by the court below. And appellee prayed that appellant might be required to give bond, as such trustee, with good freehold security, and that thereafter he might be required to keep said funds separate and distinct from his own property, and that the same be loaned at ten per cent. interest, and in default thereof that he be discharged and removed from said trust.

The last will and the codicil thereto of Charles A. Thiebaud, deceased, a copy of which was filed with appellee's petition in this cause, was duly admitted to probate in the court of common pleas of said Switzerland

county, Indiana, on the 21st day of April, 1871. We will set out so much of said will and codicil, as seem to have any relation to or connection with appellee's petition in this cause. The fourth item of the will was as follows, viz.:

"4th. It is my will and express command, that the portion of my estate that may accrue to my daughter, Harriet Dufour, at my death, together with a due-bill held by me on George W. Dufour, for eight hundred dollars, of date January 1st, 1867, shall be transferred to my son, J. L. Thiebaud, in trust, and by him to be judiciously invested to bring an income of six per cent., which income is to be paid over annually to said Harriet Dufour during her lifetime, and at her death said income and principal to be continued in charge of my said son, J. L. Thiebaud, as trustee, until the children of said Harriet Dufour shall arrive at age, at which time the said trustee or his successor shall pay over the sum total to said children; and in case the said children should die before arriving of age then it is my will that said principal and income shall revert back to my surviving children, (or their blood representatives,) share and share alike. It is further my express command, that the said note or due-bill from George W. Dufour, and above referred to, shall be immediately collected or secured by the said trustee named as above, for the purpose before named."

No change is made by the codicil in the trust created by the said fourth item of the will, except that it recited that the testator had already placed in the hands of the trustee the sum of eight hundred dollars of the trust estate of the said Harriet Dufour.

On the 13th day of October, 1874, a notice in writing was served on the appellant, by reading and by copy, that the appellee would, at the October term, 1874, of the court below, move the court to require the appellant, as such trustee, first, to give security as trustee under the will of Charles A. Thiebaud, deceased, of the funds then in his

hands, belonging to appellee; second, to keep said funds separate and distinct from his own moneys, distinguishing these from the same in all transactions, and not mixing or blending said trust funds with his own private money; and third, to keep said moneys belonging to said trust loaned out at interest at ten per cent., secured by good freehold security; and stating fully in said notice the grounds upon which said motion would be based.

On the 13th day of November, 1874, the appellant entered a special appearance tq appellee's petition, and moved the court below to dismiss the .petition, on the ground that it was an adversary proceeding, and there had been no service of summons thereon, and also to set aside the notice given the appellant, on the groun'd that it was not a summons issued and attested by the clerk and under the seal of said court, which motion was overruled by the court, and to this decision appellant accepted.

Appellant moved the court below, in writing, upon the non-residence of the appellee in this state being admitted, to. require appellee to give security for costs, which motion· was overruled by the court, and to this · decision appellant excepted.

Appellant then offered to file his sworn answer· in this proceeding, which the court below refused to allow him to do, as a pleading, but allowed him to file the same as a sworn statement to be considered with other evidence in the cause; to which decision of the court, in refusing the offer of the appellant to file said answer as a pleading in said cause, the appellant excepted.

And the cause was then submitted to the court below for trial.; and having heard the evidence and being fully advised the court below ordered and adjudged that the appellant give bond, as such trustee, with freehold security, in the sum of seven thousand seven hundred and fifty dollars, to secure the trust funds then in his hands as such trustee of the appellee, and that he give said bond by the second day of the then next term of the

court below, and on failing to give such bond as adjudged, then he should be removed from his said trust. And thereupon the appellant, on written causes filed, moved the court below for a new trial, which motion was overruled by the court, and to this decision the appellant excepted.

In this court, the appellant has assigned the following alleged errors:

1.   The court below had no jurisdiction of the person of the appellant;

2.   The court below erred in rendering judgment against the appellant;

3.   The court below erred in overruling appellant's motion for a new trial;

4.   The court below had no jurisdiction of the cause;

5.   Appellee's petition or complaint does not state facts sufficient to constitute a cause of action;

6.   The court below erred in overruling appellant's demurrer to appellee's petition or complaint;

7.   The court below erred in refusing to set aside the appellee's petition; and,

8.   The court below erred in refusing to set aside the notice and return of service, and in trying the cause at said term, and in refusing to allow appellant to file an answer.

In considering this cause, we may remark in the outset, that this is not an action, in the usual acceptation of that term; and the rules of pleading which ordinarily prevail under our code of practice in civil actions, are not necessarily applicable to the case at bar.   This is an application by the *cestui que trust* or beneficiary of an express trust, to the court having jurisdiction of said trust, for the preservation of the funds and carrying out the purposes of the trust.   It is in its nature a summary proceeding of which it was proper, though not imperatively necessary, that the appellant, as trustee of the trust estate, should have reasonable prior notice.   No summons

Thiebaud *v.* Dufour.

nor the service thereof, as in ordinary civil actions, was requisite or necessary, but reasonable notice of the time of making the application and of the nature of the application to be made, such as was given in this case, is proper and, in our opinion, is all that ought to be required in such a proceeding. Such a notice will certainly give the court having jurisdiction of the trust estate jurisdiction also of the person of the trustee of said estate.

It can not be doubted that the court below had jurisdiction of the express trust mentioned and described in appellee's petition. This trust was created by the last will of appellee's father, Charles A. Thiebaud, deceased. This will was duly admitted to probate in the proper court of said Switzerland county. This fact, under the provisions of "An act concerning trusts and powers," approved June 17th, 1852, gave the court below, as the court of said county having jurisdiction of the probate of wills, jurisdiction of the trust created by said will. 1 R. S. 1876, p. 915. And besides, the appellant in this cause, as is apparent in the record, had recognized the jurisdiction of the court below over this trust, by reporting to the court for its approval, his account current as such trustee.

It is urged in this cause that appellee's petition did not state facts sufficient to constitute a cause of action. As we construe the petition, appellee did not assert and did not intend to assert any cause of action against the appellant. Appellee did not claim that appellant owed her any money, or that he had done or omitted to do any act by reason of which she had any money demand on him; nor did she ask for any personal judgment against him. The chief relief asked for by appellee was that the appellant might be required, by an order of the court below, to give bond with freehold security as her trustee, for the preservation of the trust estate. In the view which we have taken of the case, and of the law of this state applicable to such case, appellee's petition would have stated facts sufficient to have justified the court below in making

the order and rendering the judgment, which were made and rendered in this cause, if the petition had only stated that the appellee was the beneficiary of a trust estate of a certain amount or value, of which the court below had jurisdiction, that the appellant was the trustee of said estate, and as such trustee had the custody, control and management of said estate, and that the appellant had never given bond with sufficient sureties for the faithful discharge of the duties of his trust as such trustee. Upon the filing of such a petition, merely asking that the trustee be required to give bond as such, with good freehold security, the court below would unquestionably have had the power, and we are by no means certain that it would not have been the positive duty of the court, in the exercise of its equitable control of the trust estate, for the preservation of the funds and carrying out the purposes of the trust, to have required the trustee to give such bond, with such security.

We are aware that the statute of this state, before referred to, concerning trusts and powers, *supra*, does not in direct terms require that the trustee of an express trust shall give bond with security, for the faithful discharge of the duties of his trust, as such trustee. By the language used in the twelfth section of that statute, however, we think it it is strongly implied that such bond, with such security, may and ought to be required of the trustee of an express trust, by the court having jurisdiction of such trust. This twelfth section reads as follows, viz.;

" Sec. 12. Trustees having violated or attempted to violate any express trust, or becoming insolvent, or of whose solvency or that of *their sureties* there is reasonable doubt, or for other cause in the discretion of a court having jurisdiction, may on petition of any person interested, after hearing, be removed by such court, and all vacancies in express trusteeships may be filled by such court." 1 R. S. 1876, p. 916.

Now, from the fact that the law provides for the re-

moval of a trustee of an express trust, by the proper court, on account of the reasonably doubtful solvency of his sureties, the conclusion is clear and irresistible that the law contemplates that such trustee should give solvent sureties for the faithful discharge of the duties of his trust.

We have a later law on the subject of trust estates, entitled "an act to provide for the sale of property held in trust in certain cases, as therein provided," approved February 4th, 1875. 1 R. S. 1876, p. 917. Sections eight and nine of this act apply generally to all trust estates, and although they were enacted since the decision of this cause by the court below, we cite them as illustrating to some extent the legislative will and intention on the subject we are now discussing. These sections are as follows, viz.;

"Sec. 8. If any trustee of any trust now existing shall be dead, or any trustee of a trust now, or hereafter to be created, shall die, or for any cause refuse to act, the civil circuit court, or the superior court of the proper county may fill the vacancy by the appointment of some suitable person, who shall execute bond for the faithful performance of the duties of his trust, as hereinbefore provided.

"Sec. 9. Said trustee, and the funds in his hands, shall be at all times under the equitable control of the court having jurisdiction thereof, for the preservation of the funds, and carrying out the purposes of the trust."

The bond referred to in said eighth section is provided for in the fourth section of said act, and is a bond in a penalty of twice the appraised value of the property, payable to the State of Indiana, for the use of the persons interested in said trust, and conditioned that the trustee would faithfully and honestly discharge the duties of his said trust, safely invest the principal sum realized from the sale of said property, pay the interest to the *cestui que trust*, as the same might accrue, from time to time, and at

the expiration of the trust would promptly account for and pay over whatever moneys or assets might be in his hands, to the person or persons entitled thereto. And this fourth section also provided that the court might, from time to time, require additional bond and security for the faithful performance of the trust. 1 R. S. 1876, p. 918.

The view which we have taken of this cause renders it unnecessary that we should notice or consider any of the alleged errors of the court below, on the hearing, or trial as it is called, of appellee's petition. It is clear to our minds that the court below had jurisdiction of the trust created by the last will of Charles A. Thiebaud, deceased, for the benefit of his daughter, the appellee, and also of the person of the appellant, the trustee of said trust. We do not doubt the power of the court below, and in our opinion it was the duty of that court, under a fair and reasonable construction of the law of this state, to make the order and render the judgment made and rendered by that court, on appellee's petition in this cause.

Therefore we find no error in the record; and therefore the judgment of the court below is affirmed at appellant's costs.