Tucker *et al. v.* The State, *ex rel.* Hart.

* * *

No. 7358.

Tucker et al. *v.* The State, ex rel. Hart.

Duress.—Threats to withhold the payment of a debt, or to refuse the performance of a contract, or to do an injury which may at once be redressed by legal process, is not duress.

Same.—*Who may Plead.*—Only those affected by unlawful fear or restraint may plead duress in avoidance of their contracts; sureties can not plead the duress of their principal in discharge of their own liability.

Trustee of Express Trust.—*Bond.*—Under the law in force in 1873, the trustee of an express trust might be required to execute a bond for the faithful performance of his duties.

Voluntary Bond.—*When Binding.*—When a bond may be required of a person in an official or fiduciary capacity, he may, with sureties, voluntarily execute such a bond as might be required of him, either in advance of, or without, an order of court requiring one to be given.

Trustee of Express Trust.—*Investment of Trust Funds.*—An investment of trust funds in any ordinary business enterprise by a trustee

of an express trust, without an order from the proper court, is an abuse of his discretionary control over the funds so invested, and involves a breach of his duty as such trustee.

From the Decatur Circuit Court.

*W. B. Wilson, C. Ewing, J. K. Ewing, G. B. Sleeth* and *J. W. Study*, for appellants.

*J. D. Miller* and *F. E. Gavin*, for appellee.

NIBLACK, C. J.—This was an action by the State on the relation of James Hart, and the material facts averred in the complaint may be briefly stated as follows:

That James Gavin, who died on the 4th day of July, 1873, obtained a policy of insurance in his lifetime upon his life from the Equitable Life Assurance Company, for the benefit of his wife and children, and caused the name of James W. Tucker to be inserted in the policy as trustee of the fund which was to result from such policy after his death; that Tucker received as the proceeds of the policy the sum of $5,806.73; that, before receiving said sum of money, Tucker filed a bond in the Decatur Circuit Court for the faithful performance of his trust, with Origen Thompson and Brightberry B. Harris as sureties thereon, and duly qualified as such trustee; that, on the 22d day of May, 1875, Tucker resigned his trust as such trustee, but failed to pay over, or to properly account for, the sum of $2,500.00, with accrued interest, of the trust fund which came into his hands; that on the 12th day of February, 1878, the said James Hart was by the said Decatur Circuit Court appointed as the successor of the said Tucker in said trust. A copy of the bond executed by Tucker and his sureties, as above stated, was filed with the complaint, and judgment thereon was demanded against the said Tucker, Thompson and Harris.

The widow and children of Gavin were made merely nominal defendants to answer as to their interests in the subject-matter of the suit.

Thompson and Harris demurred to the complaint, but their demurrer was overruled.

They then answered separately from Tucker, in five paragraphs:

The first set up their suretyship merely.

The third averred that, at the time of the death of Gavin, Tucker became absolutely, and without any condition, entitled to receive the proceeds of the policy of insurance, but that the insurance company which issued such policy refused to pay the money to Tucker which was due him thereon until he would first execute a bond for the faithful performance of his duties as trustee under said policy; that, to enable the said Tucker to get possession of the proceeds of such policy, and for no other purpose, and without any order of court requiring him so to do, they, the said Thompson and Harris, together with the said Tucker, executed the bond in suit. Wherefore they claimed that said bond was executed under duress and without any good or valuable consideration whatever.

Demurrers were sustained to the third and fourth paragraphs of the answer of Thompson and Harris.

Tucker then answered separately that the money sued for, that is to say, the sum of $2,500 of the funds which came into his hands as such trustee, and was not paid over by him as charged, was invested in the capital stock of the Greensburgh Limestone Company, a corporation organized under the laws of the State of Indiana; that said company was at the time of such investment engaged in quarrying and in the sale of stone, in large quantities and at great profit; that such capital stock was at that time in good demand and looked upon by business men as a good and safe investment at par value; that said investment was made by him in good faith and in the exercise of a sound discretion; that, although said capital stock would not then probably sell for as much as it cost, it might become a profitable investment, which

-capital stock he brought into court, for the use and benefit of the widow and children of the said James Gavin, the beneficiaries of the trust.

A demurrer was also sustained to this answer of Tucker, and he refused to answer further.

Thompson and Harris thereupon withdrew the second and fifth paragraphs of their answer, and also refused to answer further.

The court then heard evidence and assessed the plaintiff's damages at the sum of $3,033.33, and rendered judgment for that amount against the defendants Tucker, Thompson and Harris.

The only questions discussed by counsel arise upon the sustaining of the demurrer to the third paragraph of the answer, of Thompson and Harris, and to the separate answer of Tucker as above stated. As to the claim of the appellants Thompson and Harris, that the bond was executed under duress, it may be said that threats to withhold the payment of a debt, or to refuse the performance of a contract, or to do an injury which may at once be redressed by legal process, are not duress. 6 Wait's Actions & Defences, p. 658.

There are cases in which the sureties may set up the duress of their principal, but we do not think the facts set up by Thompson and Harris presented such a case. The general rule is, that he only should be allowed to avoid his contract upon whom the unlawful fear or restraint operated. Upon this principle, it has been held that sureties upon a recognizance can not plead the duress of their principal in discharge of their own liability. Wait, *supra*, 662; *Snyder* v. *Braden*, 58 Ind. 143; *Silliman* v. *United States*, 11 Otto, 465; *United States* v. *Child*, 12 Wal. 232; *French* v. *Shoemaker*, 14 Wal. 314; *United States* v. *Huckabee*, 16 Wal. 414; *Miller* v. *Miller*, 68 Penn. St. 486; *Miller* v. *Coats*, 2 Hun, 156.

As to the alleged want of consideration for the execution

of the bond in suit, it may be stated that the law in force at the time this bond was executed evidently contemplated that the trustee of an express trust might be required to execute a bond for the faithful performance of his duties. That was settled by the case of *Thiebaud* v. *Dufour*, 54 Ind. 320. See, also, the act concerning trusts and powers, 1 R. S. 1876, p. 915.

It has been held, and with good reason to support such a conclusion, that, where a bond may be required of a person in some official or fiduciary capacity, he may, with sureties, voluntarily execute such a bond as might be required of him, either in advance of, or without, an order requiring a bond to be given. *Potter* v. *The State*, 23 Ind. 550 ; *Long* v. *The State*, 64 Ind. 421.

The bond sued on was one which might have been required by the Decatur Circuit Court, and hence its execution without an order of that court can not be urged against its validity. The third paragraph of the answer of Thompson and Harris was therefore manifestly bad upon demurrer.

In the absence of an order from the proper court authorizing him to do so, the investment by Tucker of a portion of the funds in his hands in the stock of the Greensburgh Limestone Company constituted an abuse of his discretionary control over that portion of such funds and involved a breach of his duty as trustee under the policy of insurance.

The facts set up by Tucker in his defence showed that company to be only a private corporation, organized as an ordinary business enterprise, and subject to all the usual vicissitudes incident to the prosecution of merely private business. An investment in the stock of such a corporation placed the money put into it beyond the personal control of Tucker, and in a condition from which no return of the principal sum could have been reasonably expected without the hazard of a sale of the stock, and of a loss which might result from such a sale.

An investment in such corporate stock was also nothing more than an investment in a mere personal security of a necessarily fluctuating and uncertain character, and such an investment, when not made under the direction of some competent authority, constitutes a well recognized violation of duty on the part of a trustee. *King* v. *Talbot*, 40 N. Y. 76; *Allen* v. *Gaillard*, 1 S. C. (Rich. N. S.) 279; 13 Am. Law Reg. N. S. 201; Hill on Trustees, marginal page 369; Perry on Trusts, 407, secs. 552, 553.

There was consequently no error in sustaining the demurrer to the separate answer of Tucker, as that answer did not claim that the investment set up in defence was made under any order of court or other express authority.

The judgment is affirmed, with costs.