No. 7586.

## BATES ET AL. *v.* THE STATE, EX REL. WIGGAM.

TRUST AND TRUSTEE. — *Trustee of Express Trust.—Bond.— Sureties.*— Where, under the provisions of the act concerning trusts and powers, 1 R. S. 1876. p. 915. a bond might be required of a trustee of an express trust, and a bond is executed by the trustee, with sureties. with the approval of the county clerk, conditioned for the faithful performance of the duties of the trust, such bond is valid and binding upon the trustee and his sureties.

SAME.—*Action on Bond. —Penalty.—Damages.*—Where a bond required the trustee to put the trust fund at interest, and annually pay the accrued interest to the beneficiary, in an action on the bond by the beneficiary to recover the accrued interest on the trust fund. which had been converted and squandered by the trustee, it is error to assess a penalty of ten per cent. on the amount found due.

From the Scott Circuit Court.

*W. K. Marshall* and *W. Trulock*, for appellants.
*C. L. Jewett*, for appellee.

HOWK, C. J.—This was a suit by the appellee's relator, Mary J. Wiggam, against the appellants Jacob Y. Bates and

Samuel S. Crowe, administrator of the estate of Henry K. Wilson, deceased. The relator's complaint contained two paragraphs, each of which counted upon a bond, in the penal sum of four thousand dollars, executed on the 27th day of November, 1865, by one Hiram Wiggam, and the said Jacob Y. Bates and Henry K. Wilson, then in full life but since deceased, and conditioned that if the said Hiram Wiggam should faithfully discharge his duties as trustee, appointed under the will of Stephen W. Wiggam, deceased, according to law, then the bond should be void, else to remain in full force. The cause, having been put at issue, was tried by the court, and a finding was made for the relator in the sum of $273.94 ; and over the appellants' motion for a new trial, and their exception saved, the court rendered judgment on its finding.

The first errors complained of by the appellants, in this court, are the decisions of the circuit court in overruling their joint and several demurrers to the relator's complaint, and to each paragraph thereof. The material facts alleged in each paragraph of the complaint were, in substance, as follows : On the 20th day of December, 1859, Stephen W. Wiggam, then the husband of appellee's relatrix, died testate, at Scott county, Indiana, and without issue ; and on the 22d day of December, 1859, the last will of said decedent was admitted to probate by the clerk of the court of common pleas of said county. In the fourth item of his will, the said testator provided, in substance, that, after the payment of his debts and the settlement of his estate, the residue of his estate should be converted into money and placed in the hands of Hiram Wiggam, as trustee, to be by him put at interest and the interest annually paid to the relatrix as long as she remained the testator's widow. On the final settlement of the testator's estate, there remained in the hands of his executors a balance of his estate amounting to $1,978.39, to be disposed of as provided in the fourth item of his will ;.

and thereupon Hiram Wiggam, having accepted the trust created in and by the testator's will, and for the purpose of qualifying as such trustee and to secure the relatrix, and the other beneficiaries named in the will, against loss resulting from his failure to discharge the duties of his trust, executed the bond in suit, with the said Jacob Y. Bates and Henry K. Wilson as sureties therein, which said bond was then and there approved by the clerk of said court of common pleas. Upon the execution and approval of said bond, the balance of said testator's estate was paid over by his executors to the said Hiram Wiggam, as such trustee, and he entered upon the discharge of the duties of his trust; and, since the testator's death, the relatrix had remained his widow and unmarried. In September, 1876, the trustee, Hiram Wiggam, died insolvent, leaving no estate for administration; and, by way of breach of the bond in suit, the relatrix averred that, prior to his death, the said Hiram Wiggam had converted to his own use the entire trust estate and interest received by him thereon to the amount of $1,000.00, and had refused on demand to account for and pay over to the relatrix the said interest, or any part thereof.

The only objection urged by the appellants' learned counsel to the sufficiency of either paragraph of the complaint is, that the bond in suit was not authorized by any law of this State, in force at the time of its execution, and was therefore void. It is true, as claimed by the appellants' counsel, that, at the time the bond was executed, the act of June 17th, 1852, "concerning trusts and powers," which was the only law of this State then in force in relation to the subject, did not, in terms, require that the trustee of such a trust as the one under consideration should execute a bond with approved surety for the faithful discharge of the duties of his trust. 1 R. S. 1876, p. 915. But it is also true, we think, that the act in question clearly contemplated that such trustees should give bonds, with solvent sureties, for

the faithful discharge of the duties of their trusts ; for, in section 12 of that act, provision was made for the removal of any such trustees "of whose solvency or that of their *sureties* there is a reasonable doubt." 1 R. S. 1876, p. 916. In the case of *Thiebaud* v. *Dufour*, 54 Ind. 320, the question under consideration was carefully considered by the court, and the conclusion was reached that, under the provisions of the act of June 17th, 1852, the court having jurisdiction of an express trust might require the trustee of such trust to execute bond, with sufficient sureties, conditioned for the faithful performance of the duties of his trust, and the preservation of its funds. The case cited was approved and followed, on the point under consideration, in the more recent case of *Tucker* v. *The State, ex rel. Hart*, 72 Ind. 242.· In the latter case, it was also decided that, where a bond might be required of the trustee of an express trust, he might, with· sureties, voluntarily execute such bond, either in advance of or without an order of the proper court requiring its execution, and that such voluntary bond would be valid and binding on the trustee and his sureties. *Potter* v. *The State, ex rel.*, 23 Ind. 550.

In the case at bar, the court of common pleas of Scott county had jurisdiction of the trust created in and by the last will of Stephen W. Wiggam, deceased, and, under the statute, as we construe it, might have required the trustee, Hiram Wiggam, to execute the bond in suit. Indeed, from the fact, apparent in the record, that the bond sued upon was approved by the clerk of said court, on the day of its execution, it·might be fairly inferred, as it seems to us, that the bond had been executed in compliance with a suggestion or requirement of the court. The appellants' objections to the sufficiency of the complaint were not well taken as to either paragraph thereof, and their demurrers thereto were correctly overruled.

The only other error assigned by the appellants is the

decision of the circuit court in overruling their motion for a new trial. Under this alleged error the only point made by the appellants' counsel, in argument, is that the damages assessed by the court in favor of the relatrix were excessive. On the trial it was agreed by the parties, as evidence, that, at the date of the bond in suit, there remained in the hands of the trustee, Hiram Wiggam, only a balance of the trust fund amounting to the sum of $678.39, and no more; and that, with the exception of that sum, the entire fund had been squandered and lost before the execution of the bond. It was further agreed, as evidence, that the trustee had annually paid the relatrix the interest on the trust fund "up to January 1st, 1873," and that no interest had been paid upon demand made therefor, "to the relatrix by said Hiram Wiggam, since January 1st, 1873; and, if the defendants were liable to pay any of the moneys arising from the fund in the hands of said Hiram Wiggam, such moneys were due and unpaid." It was also agreed, as evidence, "that Hiram Wiggam, the principal obligor in the bond sued on, the — day of September, 1876, died insolvent."

The record shows, that this action was commenced on the 10th day of October, 1877, at which time the annual interest on the balance of the trust fund of $678.39, for four years ending on January 1st, 1877, was past due and unpaid. The cause was tried by the court and judgment rendered therein, on the 18th day of January, 1878, in favor of the relatrix and against the appellants, for the sum of $273.94, the interest then due and unpaid on the said balance of said trust fund, with ten per centum damages thereon, making in the aggregate the sum of $301.34. It is very clear, we think, and this much is conceded by the attorney of the relatrix, that the trial court erred in assessing damages or a penalty of ten per centum on the amount of its finding; for there is no law of this State, which authorized the assessment of such penalty or damages.

But the appellants' counsel also claim, that the court erred in its assessment of the amount of interest accrued on the trust fund and unpaid, at the time of the rendition of the judgment, because they say that this interest was computed by the court at the rate of ten per centum per annum. The record fails to show, as it seems to us, that this point is well taken. It is difficult to determine, from the evidence in the record, upon what basis the court, in its finding and judgment, computed the amount of interest due the relatrix on the balance of the trust fund, secured by the bond in suit, but we are well satisfied, that this interest was not computed at the rate of ten per centum per annum, for at that rate the sum found due the relatrix would have largely exceeded the amount assessed by the court in her favor. Under the evidence, we are of the opinion that we ought not to disturb the finding of the court, on account of the amount found due the relatrix, except as to the penalty or damages of ten per centum assessed in her favor. The testator's will, under which the trust was created, required the trustee to put the trust fund at interest and to annually pay the interest accrued thereon to the relatrix, and the bond in suit was executed by the appellants to secure the trustee's faithful discharge of this duty of his trust. During all the time covered by this suit, the trustee might have lawfully put the trust fund at interest by contract at the rate of ten per centum per annum ; but instead thereof the trustee apparently loaned the money to himself, converting the entire fund and interest to his own use, and died insolvent. Under these circumstances, it seems to us that it would not have been unfair or unreasonable to have charged him or his sureties with interest on the trust fund, at the rate of ten per centum per annum, although it is apparent from the amount of the finding that the court computed the interest at a much less rate than ten per cent. per annum.

The court erred, we think, in adding to the amount of in-

terest found due the relatrix, by way of penalty or damages, the sum of twenty-seven dollars and forty cents. If, therefore, the appellee's relatrix will, within sixty days from this date, enter a *remittitur* of the twenty-seven dollars and forty cents assessed by the court in her favor, by way of penalty or damages, the judgment will be affirmed, and otherwise it will be reversed, but, in either event, at the costs of the appellee's relatrix.