No. 8495.

## HINDS ET AL. *v.* HINDS, EXECUTOR.

WILL.—*Construction.*—*Intention.*—In construing a will, it is the duty of the court to ascertain and carry into effect the intention of the testator, if it can be done; and this intention is to be ascertained from an examination of all the provisions of the will, in relation to the subject of inquiry.

SAME.—*Bond.*—*Executor.*—*Trust and Trustee.*—*Limit of Liability.*—The bond of an executor, given to secure the faithful discharge of his duties as executor, can not be construed as conditioned for the faithful discharge of his duties as trustee of a trust created by the will.

SAME.—*Bond of Trustee.*—*Duty of Court.*—It is the duty of the court having jurisdiction of an express trust to require the trustee to execute bond, with sufficient sureties, conditioned for the faithful performance of the duties of his trust, and the preservation of the trust estate.

From the St. Joseph Circuit Court.

*L. Hubbard,* for appellants.

*A. Anderson* and *J. Brownfield, Jr.,* for appellee.

HOWK, J.—This suit was brought by appellee, as executor-

and trustee, to obtain a construction of the last will and testament of his testator, Hugh L. Hinds, deceased. The beneficiaries under the will are parties to the suit, either as plaintiff or defendants. The cause was tried by the court, and, at the appellants' request, the court made a special finding of the facts, and stated its conclusions of law thereon. The appellants' exceptions to the conclusions of law were overruled by the court, and judgment was rendered in accordance therewith.

The error assigned by the appellants is, that the court erred in its conclusions of law upon the facts specially found.

In the outset of his will, the testator, Hugh L. Hinds, made the following disposition of his estate: " It is my desire that my debts be all first paid, and then the rest and residue of all my estate, including choses in action, shall be regarded as a whole and entire estate, and as such I give, devise and bequeath the same to Caleb A. Kimball and my nephew, Hugh M. Hinds, in trust, for the uses and purposes following, to wit: One-third part thereof for my wife, one-third part thereof for my son, John Ward Hinds, and the other third part thereof for my said nephew, Hugh M. Hinds; said trust to continue for a period of twenty-five years."

Subsequently, the will contains the following provision: " It is further my will, that if my said nephew should die without lawful issue then alive, or the descendants thereof, then I give and bequeath his share of said property to my said son, or his descendants."

Upon this provision of the will, in connection with the context, the court stated the following conclusion of law: " 8. That said Hugh M. Hinds has a vested interest, subject to said trust, in one-third of all of said trust fund, and in case he dies without issue then living, before sale of trust property and division of the fund, and John Ward Hinds, or his descendants then living, the devise over to John Ward Hinds will take effect, as a valid executory devise; but that said executory devise will be void and of no effect, as to such of the trust property as may have been sold, or such of the trust

fund as shall have been divided among the legatees, before the death of said Hugh M. Hinds."

It is claimed by the appellants' counsel, " That so much of this conclusion of law as limits the operation of the executory devise to such of the trust estate as may be unsold or undivided, is erroneous." In other words, it is claimed by counsel, if we understand his position, that neither the sale nor the division of the trust property can or will defeat or prevent the operation of the executory devise of such property, on the happening of the contingency upon which the devise over will take effect. In the proper determination of this point, it is necessary, we think, that another provision of the will should be considered, as follows : " To enable my said trustees, or the survivors or survivor of them, to carry out the provisions of the trusts herein created, I hereby give, devise and bequeath to them all of my real estate, and hereby authorize and empower them, the survivors or survivor of them, to bargain, sell and convey said real estate, in fee simple, as fully and completely as I could do myself, if alive, vesting the title thereof in fee to the purchasers," etc. It is also provided in the will, " That if they, the trustees, are of opinion that it would be for the interest of the estate to sell off any of the personal property on my farm, in St. Joseph county, or about my dwelling, they are hereby authorized to do so, on the best terms the market will warrant, and use the proceeds to the best advantage of the estate."

Construing all these provisions of the will together, it is very clear, we think, that the trustees were clothed with full and ample power to sell, convey or otherwise dispose of all the trust estate, real or personal ; and that, upon such sale and conveyance, or other proper transfer, of any part of the trust estate, the purchaser will take the specific property by an absolute title, wholly discharged from the trust, and freed from the operation of the executory devise. In such case, of course, the proceeds of the sale would become a part of the trust estate, in lieu of the property sold, and would be held by the

trustees, subject to the contingencies and conditions provided in the will, until the expiration of the trust thereby created. Upon the expiration of the trust, and the division then made of the trust estate between the *cestuis que trust* named in the will, if such division be made before the death of Hugh M. Hinds, he will take his share of the trust estate, freed from the trust and from the operation of the executory.devise, contained in the will. This view of the matter accords, we think, with the expressed wish of the testator, as shown by the following provision of the will: "It is further my desire, that, at the winding up of said trust, the proceeds arising from the sale of the trust property shall be divided between the parties entitled thereto, as it is received by said trustees." In construing the will, it was the duty of the court to ascertain and carry into effect the intention of the testator, if it could be done; and this intention was to be ascertained from all the provisions of the will, in relation to the subject of enquiry. *Fraim* v. *Millison*, 59 Ind. 123; *Tyner* v. *Reese*, 70 Ind. 432; *Lofton* v. *Moore*, 83 Ind. 112.

There is no substantial difference between the views we have expressed and the eighth conclusion of law above quoted, as we understand its meaning; and, therefore, the court did not err, we think, in that conclusion of law.

The eleventh conclusion of law, stated by the court, was as follows:

"11. That the bond executed by said executor is, under the laws of this State, designed to insure the faithful performance of his duty as executor only and not such duties as may be, by said will, devolved on or vested in him, as trustee only. And, therefore, when said executor shall have fully paid off all the debts and liabilities of said testator, and all the costs and charges of administration, and shall have paid all specific legacies, and shall have made proper accounting for said estate, and shall have taken the surplus of said estate into his hands as trustee, and entered on the care,. management and. disposition thereof, as trustee, under said will, he shall no longer be

liable on said bond, nor shall such bond be construed as conditioned for the accounting of any money or property which he may thereafter receive or hold as such trustee."

The appellants' counsel insists that this conclusion of law is erroneous. Counsel says: "This is an attempt to discriminate between the duties imposed on the executor by this will, and to limit the liability on his bond, in effect the liability of his sureties, to a part of the acts specified in the will. In effect, it destroys the security of his bond; for, as may be fairly surmised, the testator left a large estate and few debts, and the management and control of his estate, as trustee, comprise all the duties of the executor, except a few formal matters in compliance with the statute. The years of care and management required till this infant son shall arrive at majority are wholly without any security, except the personal responsibility of the executor." We are are not convinced by this course of reasoning that the bond of an executor, given to secure the faithful discharge of his duties as executor, ought to be or can be construed as conditioned for the faithful discharge of his duties as trustee. It happened in this case that the trustee of the trust created by the will was also appointed the executor of the will; but if some person other than the trustee had been appointed executor, it would hardly be claimed that the bond of the executor would or could be construed as securing the faithful discharge of the trustee's duties. It does not follow from the court's conclusion of law, that the *cestuis que trust* need be without any security, except the personal responsibility of the trustee, for the faithful discharge of the duties of his trust. The court below has jurisdiction of the trust created by the will of Hugh L. Hinds, deceased, and of the person of the trustee.

In *Thiebaud* v. *Dufour*, 54 Ind. 320, it was held that, under the provisions of the act of June 17th, 1852, concerning trusts and powers (secs. 2969 to 2987, R. S. 1881), the court having jurisdiction of an express trust may require the trustee of such trust to execute bond, with sufficient sureties, condi-

tioned for the faithful performance of the duties of his trust, and the preservation of its funds. The case cited was approved and followed, on the point under consideration, in the more recent cases of *Tucker* v. *State, ex rel.,* 72 Ind. 242, and *Bates* v. *State, ex rel.,* 75 Ind. 463.

The court did not err in the construction placed upon the executor's bond.

We have considered all the questions discussed by the appellants' counsel, and have found no error requiring the reversal of the judgment.

The judgment is affirmed, with costs.