Coggeshall v. The State, ex rel. Corder.

No. 12,988.

COGGESHALL v. THE STATE, EX REL. CORDER.

PARTITION.—*Sale of Real Estate.*—*Appointment of Commissioner.*—*Pleading.*—Allegations that a commissioner to sell real estate was appointed at a certain term of court, and gave bond, which was approved by the court, etc., sufficiently shows that the appointment was made by the court.

SAME.—*Averment that Money is Due.*—A complaint on the bond alleging that the commissioner's final report showed that he had in his hands a certain sum as the relator's distributive share of the proceeds of the sale, which had never been paid to the relator by any one, is good, without a direct averment that there is due from the commissioner the sum mentioned.

SAME.—*Commissioner to Sell.*—*Vacancy.*—*Power to Appoint Successor.*—Although there is no statute expressly providing for the appointment of a successor, in case of a vacancy, to a commissioner appointed to sell land in partition proceedings, the court nevertheless has power to fill such vacancy, and to require a bond conditioned for the faithful discharge of the duties of the trust.

SAME.—*Duty of Commissioner to Make Distribution.*—*Bond.*—Under section 1204, R. S. 1881, it is the duty of the commissioner or his successor to pay the money arising from the sale to the persons entitled thereto, according to their respective shares, under the direction of the court, and this statutory provision becomes a part of the bond executed by him as fully as if written therein.

SAME.—*Paying Proceeds of Sale to Clerk.*—*When no Defence to Action on Bond.*—The fact that the commissioner paid to the clerk of the court the proceeds of the sale and took his receipt therefor, is no defence to an action on the bond of such commissioner by distributees, unless such payment was authorized by an order of the court.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*J. F. McDowell* and *G. A. Henry*, for appellee.

HOWK, J.—In this case, errors are assigned here by appellant, defendant below, which call in question the decisions of the circuit court in overruling (1) his demurrer to the relator's complaint herein, and (2) his motion for a new trial. This suit was commenced on the third day of August,

1885.   In his complaint herein, the relator alleged that, at the November term, 1874, of the court below, in an action then and there pending between Mary Spears *et al.* and the relator and others for the partition of certain lands, of which the parties to the action were then owners as tenants in common, it having been found that such lands could not be divided without injury to the owners, an order was entered by the court for the sale thereof, and one Linder was appointed a commissioner to make such sale, and, pursuant to such order, made sale of such lands; that, after such sale, Linder resigned his trust as such commissioner, and his resignation was accepted by the court and he was discharged; that afterwards, at the April term, 1879, of such court, one John Haisley was appointed commissioner to collect and make distribution of the proceeds of the aforesaid sale of such lands, and thereupon, under such appointment, said Haisley gave his bond with appellant, Coggeshall, as surety therein, a copy of which bond was filed with and made part of such complaint; that such bond was then and there duly approved by the court, and said Haisley entered upon the discharge of his duties as such commissioner; that, at the September term, 1879, of the court, said Haisley made his final report of his acts as such commissioner, which report showed that he, as such commissioner, had in his hands at that time, belonging to the relator herein, the sum of $232.06, as relator's share of the proceeds of the aforesaid sale of such lands; and that said commissioner failed to pay such sum of money to the relator at any time, and relator never received the same from such commissioner, or from any one for him; and relator averred that, by reason of such failure, the conditions of such commissioner's bond were broken.

And the relator further alleged that, on November 6th, 1879, said Haisley died, and administration of his estate had been had, and, at the February term, 1884, of the court, his administrator had been discharged; that, in the settlement of such estate, no account was taken of the amount shown

to be due the relator herein; and that, during all that time, relator was a minor under the age of twenty-one years, and without a legally appointed guardian; that, in November, 1884, relator came of lawful age, and that demand had been made upon appellant, Coggeshall, for such sum of money due relator from John Haisley, as commissioner, who refused payment. Wherefore, etc.

A number of objections to the sufficiency of the relator's complaint are urged here by appellant's learned counsel, and these objections we will briefly consider in the order of their statement in the brief of counsel: First, it is claimed by counsel that "the complaint is obnoxious to demurrer, for the reason that it does not charge that John Haisley was appointed a commissioner by the court below." It was alleged in the complaint, after stating that Linder's resignation of his trust as commissioner "was accepted by the court," that afterwards, "at the April term, 1879, of said court, John Haisley was appointed commissioner to collect and make distribution of the proceeds of the sale of said real estate;" and that, thereupon, John Haisley gave the bond in suit, with appellant as his surety therein, "which bond was then and there duly approved by the court, and said Haisley entered upon the discharge of his duties as such commissioner." By these averments the complaint showed with reasonable certainty, amply sufficient as it seems to us to withstand appellant's demurrer thereto, that John Haisley was appointed a commissioner by the proper court; especially so, as, under the law, such appointment could only be made by the court.

2. Appellant's counsel further insists that the complaint was bad on demurrer for the want of a direct averment therein that "there was due from said commissioner the sum of $232.06." It was alleged in the complaint that it was shown by Haisley's final report to the court, as such commissioner, that he had in his hands such sum of $232.06, as the relator's distributive share of the proceeds of the lands sold; that said commissioner failed to pay such sum of money

to the relator at any time, and that relator never received the same from such commissioner, or from any one for him. Counsel claims that these averments were not equivalent to an allegation that there was that amount due; because, counsel says, "the final report or the order of court might afterwards have been set aside, changed or modified." So they might have been; but if they had been it would have been competent for appellant to have shown the fact by his answers and evidence. There is nothing in this objection to the sufficiency of the complaint.

3. It is further claimed by appellant's counsel that the relator's complaint was bad on demurrer because "there is no provision in the statute concerning the partition of lands (sections 1186 to 1209, R. S. 1881,) authorizing the appointment of a successor of a commissioner resigned, and requiring him to give bond as the first commissioner." It is true that the statute does not expressly provide that if a commissioner appointed to sell lands in a suit for the partition thereof shall die, resign or be removed from his trust before the same has been fully executed, the proper court may appoint a successor to discharge the duties of such trust remaining to be discharged at the time of the vacancy, and may require of such successor "a bond payable to the State of Indiana in such penalty as the court may direct, conditioned for the faithful discharge of the duties of his trust." In section 1206, R. S. 1881, it is provided that "The occurrence of a vacancy shall not invalidate the previous acts of the commissioners; and a successor shall take up and continue the proceedings, which shall be as valid as if the same had been done by the commissioners first appointed."

It is true, perhaps, as claimed by appellant's counsel, that this section of the statute has especial reference to the occurrence of a vacancy in the three commissioners appointed by the court to make partition of lands, and not to a vacancy occurring in the commissioner appointed to sell the lands under the order and judgment of the court, where the lands

can not be divided without damage to the owners. But, whatever may be the proper construction of the section quoted, and though it be true that the statute does not expressly provide for the appointment of a successor in the event of the death, resignation or removal from his trust of the commissioner first appointed to sell lands, we are clearly of the opinion that, after its acceptance of Linder's resignation of the duties of his trust as commissioner to sell, the court below had full power and authority to appoint John Haisley as his successor in such trust, and to require of him the execution of the bond in suit, conditioned for the faithful discharge of the duties of his trust. Under the provisions of our statute concerning the partition of lands, a commissioner to sell the lands, under the order and appointment of the court, becomes in legal effect the trustee of an express trust, whereof the owners of such lands are the *cestuis que trust.*

It is well settled by our decisions that the court, having jurisdiction of such a trust, may fill vacancies, however occurring, in the position of the trustee thereof, and may require any such trustee to execute bond, with sufficient sureties, conditioned for the faithful discharge of the duties of his trust. *Thiebaud* v. *Dufour,* 54 Ind. 320; *Tucker* v. *State, ex rel.,* 72 Ind. 242; *Bates* v. *State, ex rel.,* 75 Ind. 463; *Hinds* v. *Hinds,* 85 Ind. 312.

4. Appellant's counsel further claims that the complaint was bad on demurrer because " the bond in suit, by its terms, only authorized the commissioner to 'receive' the proceeds of the sale of certain real estate, described in the order to sell, etc. The bond does not authorize the commissioner to pay out the money in his hands; it only authorizes the receiving of the money, and not the disbursing of the same. How can an action be maintained on the bond to compel him to do that which he is not bound to do ?"

This objection of counsel to the sufficiency of the complaint is wholly untenable, and can not be sustained. The bond sued upon, by its terms, was conditioned that the com-

missioner should "faithfully discharge the duties of his trust according to law." The duties of his trust were and are prescribed in section 1204, R. S. 1881, as follows: "The moneys arising from such sale, after payment of just costs and expenses, shall be paid by such commissioner to the persons entitled thereto, according to their respective shares, under the direction of the court." These statutory provisions, under our decisions, entered into and formed a part of the bond in suit as fully as if they had been written therein. *Bryson* v. *McCreary*, 102 Ind. 1; *Edwards* v. *Johnson*, 105 Ind. 594; *Long* v. *Straus*, 107 Ind. 94; *Warren* v. *Sohn*, ante, p. 213.

In his complaint herein the relator alleged, in effect, that the commissioner, Haisley, did not faithfully discharge the statutory duties of his trust, in that he had failed to pay such relator his distributive share of the money arising from the sale of such real estate under the direction of the proper court. The complaint stated facts sufficient to constitute a good cause of action against the appellant, and his demurrer thereto was correctly overruled.

In appellant's motion for a new trial the only causes assigned therefor were, (1) the finding of the court was not sustained by sufficient evidence, (2) the finding of the court was contrary to the evidence, and (3) the finding of the court was contrary to law.

Appellant's defence to relator's cause of action was, briefly stated, that Commissioner Haisley made his final report to the court below in the matter of his said trust at the September term, 1879, of such court, to wit, on the 8th day of September, 1879; that by such report it was shown that the relator's distributive share of the moneys received by such commissioner from the sale of such real estate was the sum of $232.06; that on the same day the commissioner, Haisley, paid such sum of money into court to the clerk thereof, and took his receipt therefor, written on the margin of such commissioner's final report; and that such final report, with such

receipt on the margin thereof, was then and there submitted to and approved by the court, and that Commissioner Haisley was then and there discharged from the duties of his trust.

Relator replied to appellant's defence, in effect, that such final report was made and filed by Commissioner Haisley in the clerk's office of such court, in vacation, on the 30th day of June, 1879, and long before the September term, 1879, of the court; that the sum of money shown by such report to be due the relator was not paid into court, but was in fact paid by Commissioner Haisley to one John H. Zahn, on the 30th day of June, 1879, who receipted therefor in his individual name, and not officially as clerk of such court; that no order was ever made by the court authorizing or requiring Commissioner Haisley to pay the money in his hands belonging to the relator into court, or to the clerk thereof; and that no approval of such final report was shown by the records of the court.

The evidence is properly in the record, and fully sustains the facts alleged by appellee in his reply.

In *Jenkins* v. *Lemonds*, 29 Ind. 294, and in *Carey* v. *State, ex rel.*, 34 Ind. 105, it was held, substantially, that there was then no law of this State rendering the sureties of the clerk of the court liable for moneys paid into open court and received by such clerk, there being then no law making it the duty of the clerk to receive such moneys. To obviate the effect of these decisions, a law was enacted and became in force on the 9th day of March, 1875, whereby the clerks of the several courts of this State were authorized to receive all such funds as might be ordered to be paid into the courts whereof they were clerks by the judges thereof, and such clerks, with their sureties, were made liable on their official bonds for all moneys so paid into such courts, under the orders of the judges thereof, to any person who might be entitled to demand and receive such money. In the absence of any order of the court below authorizing Commissioner Haisley to pay the

relator's money into court, we are of opinion that his pay- ment of such money to the clerk of the court was wholly unauthorized by law, and constituted no valid defence for him or his surety to the relator's suit for the recovery of such money.

The finding of the court herein was sustained by the evidence, and was not, we think, contrary to law.

The judgment is affirmed, with costs.

Filed Dec. 20, 1887.