No. 13,173.

THE STATE, EX REL. DAIR, TRUSTEE, v. ROUDEBUSH ET AL.

TRUST AND TRUSTEE.—*Bond.*—*Jurisdiction.*—*Conversion.*—A widow had a life-estate in one-third of a tract of land. In partition proceedings the land was sold by a commissioner, and, by agreement of the parties, L. was appointed trustee and received the widow's share of the proceeds from the commissioner and executed a bond payable to the State, con-. ditioned that he should pay to her the income of the money, and upon her death pay the principal to the fee-holders. The bond was approved by the circuit court, and, with the consent of the parties, was entered of record. L. converted the money. Action upon the bond by his successor in the trust.

*Held*, that the trust was within the jurisdiction of the court, and that it had authority to approve the bond, which is a valid obligation.

From the Dearborn Circuit Court.

*J. K. Thompson*, for appellant.

*N. S. Givan*, *W. N. Hauck* and *R. E. Slater*, for appellees.

ELLIOTT, J.—The complaint of the appellant alleges that the appellees executed a bond payable to the State of Indiana in the penal sum of seven thousand dollars, conditioned as follows: "The condition of the above obligation is, that the above bound Solomon Longnecker has been by an order of the Dearborn Circuit Court, made at its September term, 1876, appointed trustee for Louisa B. Dair in the suit of the said Louisa B. Dair against William Dair and others for partition. That the said Louisa B. Dair being the widow of James Dair, deceased, and by him having no child living, and the said James Dair having left children by a former wife, and the said Louisa B. Dair being only entitled to a life estate in the real estate of her said husband, and the real estate asked to be partitioned, in the above named suit, being found not susceptible of division among the heirs and owners thereof, was ordered by the court to be sold, and that Samuel Z. Brackenridge was appointed commissioner

to sell said real estate, and by virtue of said appointment he did sell said real estate for the sum of ten thousand dollars, one-third of which, after deducting the expense and cost of selling the same, belongs to the said Louisa B. Dair during her natural life, and in order that she may enjoy the income thereof, and to secure the principal to the heirs of the said James Dair, deceased, at her death, the above named Samuel Longnecker was appointed trustee of the said Louisa B. Dair. Now, therefore, if the above bound Samuel Long-necker shall well and truly discharge the duties of his said trust and pay to the said Louisa B. Dair the income of said money that may come into his hands by virtue of said trust, and, at her death, the principal to the heirs of said James Dair, deceased, then this obligation to be void, else in full force and effect in law." It is also alleged that the bond was approved by the court, that the court had jurisdiction of the partition suit mentioned in the bond; that, through its commissioner, it had sold and conveyed the land of the parties; that the commissioner then had the proceeds of the sale in his hands; that, with the consent of the parties, their agreement constituting Longnecker a trustee was entered of record in the cause, and that Longnecker by agreement of the parties received the money as their trustee; that Longnecker wrongfully converted the money received by him as trustee; that he died in 1885, and the relator was appointed his successor.

The appellees argue that the action can not be maintained because the complaint charges that Longnecker received the money as the trustee of an express trust, and that, as there was no writing creating the trust, it was void. In support of this position counsel refer us to section 2969, R. S. 1881. We do not think that statute has anything to do with the case. If Longnecker received the money of the obligees as their trustee he can not make it his own by means of the statute. The statute has not the remotest bearing upon the question.

The difficult question in the case is whether there was any authority to take the bond. Undoubtedly, the bond would have been good as a common law bond if it had been made payable to a natural person for the benefit of the widow and heirs of James Dair, deceased. There was a valid consideration of the bond, namely, the appointment of Longnecker as trustee and the payment to him under the agreement of the parties of the proceeds of the sale of their land then in the hands of the commissioner, by whom the land was sold. The parties had a right to agree who should be the trustee and who should receive the money. They did agree to all this, as the complaint fully shows. The bond recites that Longnecker was appointed trustee, and the complaint, as we have said, shows that this was done by agreement of the parties.

It may be that there were irregularities in the proceedings of the court, but if it possessed jurisdiction the bond is not void. We agree with appellees' counsel that a bond taken by a court in a matter over which it has no jurisdiction is not valid ; but we can not agree that there was no jurisdiction of the trust in which this bond was given. The bond was not given in the partition suit, but was executed under the agreement of the parties to enable the trustee to receive the money realized by the commissioner from the sale of the land and then in his hands. It was not an agreement affecting the land nor the partition suit, but it was an agreement constituting Longnecker a trustee to receive money at the time under the control of the court. The agreement was sanctioned by the court and the trustee's bond duly approved. The trust, therefore, came within the jurisdiction of the court. By virtue of the statute, as well as by virtue of the inherent chancery powers possessed by all our courts of general superior jurisdiction, the circuit court had jurisdiction of the trust. This has been expressly decided, and the decisions are founded on solid principle. *Coggeshall* v. *State, ex rel.*, 112 Ind. 561 ; *Bates* v. *State, ex rel.*, 75 Ind. 463 ; *Tucker*

v. *State, ex rel.,* 72 Ind. 242; *Thiebaud* v. *Dufour,* 54 Ind. 320; *Potter* v. *State, ex rel.,* 23 Ind. 550.

The circuit court had jurisdiction to give effect to the appointment of Longnecker and to approve his bond. It also had jurisdiction to appoint the relator as his successor, for it is a fundamental principle of equity that courts will not permit a trust to fail for want of a trustee.

Judgment reversed, with instructions to overrule the demurrer to the complaint.'

