HOLDEFER, GUARDIAN, *v.* TEIFEL.

WILL.—*Inconsistent Provisions.*—Where there are two provisions in a will which are inconsistent, that which is posterior in local position must be taken to denote the intention of the testator.

SAME.—A testator bequeathed to seven persons, numbering and naming them, his mortgages, notes and cash, to be divided among them so that the first four should "get their shares right off, as soon as the affairs" could be settled; while the fifth was "to have her share if she returns cured from the hospital; if she does not return cured, or not at all, her children are to inherit her share in equal parts when they are of age." The sixth was to get "five dollars in his own hands, while his children are to have the balance of his share when they are of age, also equally divided amongst them." The seventh and last numbered "share is also to be equally divided among his children when they are of age." By a subsequent clause the testator directed that his son H. should have "the authorization and power to collect all said money, due me by mortgages or notes, and shall divide and distribute the same as above mentioned."

*Held*, in an action by said seventh and last numbered legatee, as guardian of his minor children, against said H., who, as executor, had made final settlement and had been discharged, to recover the amount of the last numbered legacy, that the plaintiff had, personally, no right to any part of said share, and that neither of his children was entitled to claim his or her share until arrived at majority.

From the Clay Circuit Court.

*W. W. Carter* and *S. D. Coffey,* for appellant.

*G. A. Knight* and *C. H. Knight,* for appellee.

WORDEN, J.—This was an action by the appellant, as the guardian of his minor children, to recover from the defendant the amount of a certain legacy bequeathed to them by the last will of George Teifel, deceased. The defendant was the executor of the estate of the deceased, having acted as such under the authority of the probate court of Clarke county, in the State of Illinois, in which court he had made final settlement and been duly discharged, having in his hands and due to the plaintiff and his wards, as is alleged, the sum of near five hundred and ninety dollars. The plaintiff, in his complaint, claimed the money on behalf of himself and his wards.

A copy of the will is set out, and so much of it as is necessary to an understanding of the question involved is as follows:

"First.—I give and bequeath to the following seven heirs, No. 2 Henry Teifel, No. 3 Catharine Roesslin, No. 4 Peter Teifel, No. 5 John Teifel, No. 6 Margaret Teifel (formerly

Bannis's wife), No. 7 Leonhardt Teifel, No. 8 John Holde-fer (my son-in-law), all of my mortgages, notes and cash I shall possess on the day of my death; the same remaining amount I want divided among the above named as follows: 2, 3, 4 and 5 are to get their shares right off, as soon as the affairs can be settled, while No. 6 is to have her share if she returns cured from the hospital; if she does not return cured, or not at all, her children are to inherit her share in equal parts, when they are of age. No. 7 is to get five dollars ($5.00) in his own hands, while his children are to have the balance of his share when they are of age, also divided equally amongst them. No. 8 share is also to be equally divided among his children when they are of age."

The second clause of the will devises to the wife of the testator a house and lot and the property therein and thereon, and the third clause is as follows:

"Third.—I do hereby direct that my son, Henry Teifel, shall have the authorization and power to collect all said money due. me by mortgages or notes, and shall divide and distribute the same as above mentioned."

A demurrer to the complaint, assigning for cause, amongst other things, the want of sufficient facts, was sustained, and the plaintiff excepted. Judgment for defendant.

The first part of the first clause of the will, taken by itself, would seem to give the appellant, who is designated as No. 8, one of the seven shares designated. But this would be utterly inconsistent with the subsequent parts of the will. It is provided in the will, that numbers 2, 3, 4 and 5 "are to have their shares right off;" thus, as to them, no change is made from what would seem to have been intended by the first part of the first clause. Not so, however, as to the others. No. 6 was to have her share only in case she returned cured from the hospital; otherwise her children were to "inherit" it, in the language of the will.

It is plain that number 7 was to have only five dollars of the share set apart to him, and the residue was to go to his

children. It is equally plain that the testator intended that the share designated as No. 8 should go to the children of the plaintiff when they should come to majority. Perhaps, if the will had stopped with the first clause, the plaintiff might have been entitled to receive the money in trust, to his own use during the minority of his children, and then to pay it to them. But the third clause is at variance with such theory. By the third clause the defendant, Henry Teifel, is made the trustee to collect the money and "divide and distribute the same as above mentioned."

The distribution could not be made as above mentioned without being made at the time mentioned. In respect to the plaintiff's wards, the distribution cannot, according to the terms of the will, be made until they become of age. Whether they must all become of age before any will be entitled to receive their shares, we need not determine.

Taking the will as an entirety, we are of opinion that the plaintiff has personally no right to the money demanded, and that neither of his children is entitled to claim his or her share until he or she arrive at majority.

Where there are two provisions in a will which are inconsistent, that which is posterior in local position must be taken to denote the intention of the testator. *Evans* v. *Hudson*, 6 Ind. 293.

We are of opinion that the judgment below was correct. The judgment below is affirmed, with costs..