Butler, Guardian, *v.* Moore, Executor, *et al.*

No. 11,054.

BUTLER, GUARDIAN, *v.* MOORE, EXECUTOR, ET AL.

WILL.—*Construction.*—A. died, leaving surviving two grandchildren, D. and K., the children of a deceased son, C. M., together with eight living children or grandchildren representing such as were dead. By his will, after a specific bequest, was this clause: "The remainder of my estate I give to the following persons, to wit, my daughter A., the children and heirs of my daughter E., my daughter L., my son L., *my grandson D., son of C. M., deceased,* my son J., my daughters M. and R. H., and my son A., the same to be divided into nine equal shares, and one-ninth to each living child, and one-ninth to *the children of each of my deceased children.*" *Held,* that the grandchildren D. and K. took one-ninth together.

From the Decatur Circuit Court.

*W. A. Moore, J. K. Ewing* and *C. Ewing,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellees.

FRANKLIN, C.—This is an appeal from the judgment of the Decatur Circuit Court sustaining a demurrer to a complaint filed by the appellant against the appellees.

The substantial allegations of the complaint are as follows: The appellant is the guardian of Kitty D. Moore, a grandchild of Climpson B. Moore, deceased, and one of the only two children of Cyrus M. Moore, deceased; that Cyrus M. died before his father, the said Climpson B., and left as his only children and heirs the defendant Douglass C. and the plaintiff's ward, Kitty D. Moore; that on the 19th day of September, 1882, said Climpson B. died testate; that his will was duly probated, and that he left an estate of $5,000; that the executor and Douglass C. claim that the said Kitty D. is excluded by the terms of the will from any part of the estate of said Climpson B.

The material parts of the will important to this case are as follows:

"Item 2d. I give and bequeath to my daughter, Rachel Hawkins, the sum of four hundred dollars as a specific legacy, in consideration of services rendered by her for me.

" Item 3d. The remainder of my estate, both real and personal, I give, bequeath and devise to the following persons, to wit: My daughter Ann D. O'Byrne, the children and heirs of my daughter Elizabeth Black, my daughter Leahasenth Kennedy, my son Levi W. Moore, my grandson Douglass C. Moore (son of Cyrus M. Moore, deceased), my son Joseph L. Moore, my daughter Mary M. Powner, my daughter Rachel Hawkins, and my son Andrew Moore, the same to be divided into nine equal shares, one-ninth to each living child, and one-ninth to the children of each of my children who is deceased."

The will is made a part of the complaint.

The appellant prays a construction of the will, and that the court direct the executor to pay the guardian one-half of one-ninth of the estate of said Climpson B., for the benefit of his said ward. A demurrer was sustained to the complaint, and judgment rendered for appellees for costs. The sustaining of said demurrer has been assigned as error.

The appellant insists that under the provisions of the will, his ward Kitty D. Moore is entitled, equally with Douglass C., to a share of the estate. And it is insisted by appellees that the naming of Douglass C. and omitting to name Kitty D. excludes her from any share in the estate, and that the subsequent provision, that one-ninth shall go to the children of Cyrus M., must be limited to the one named, Douglass C., and can not include Kitty D.

Courts have adopted some general rules in relation to the construction of wills, to which we first call attention:

1. The intention of the testator is, where it can be ascertained, the governing criterion in the construction of wills. *Hinds* v. *Hinds*, 85 Ind. 312.

2. Where there are provisions in a will which are conflicting and inconsistent, that which is posterior in local position must be taken to denote the last intention of the testator. *Evans* v. *Hudson*, 6 Ind. 293; *Holdefer* v. *Teifel*, 51 Ind. 343; 2 Jarm. Wills, (5 Am. ed.) 472.

3. Equality is favored in the disposition of estates. Heirs at law are not to be disinherited by conjecture, but only by express words or necessary implication. *Howard* v. *American, etc., Society*, 49 Me. 288; *Wright* v. *Hicks*, 12 Ga. 155; *Hitchcock* v. *Hitchcock*, 35 Pa. St. 393; *Scott* v. *Guernsey*, 48 N. Y. 106.

4. When a will is open to two constructions, and one will give effect to the whole instrument, while the other will destroy a part, the former must be adopted. *Pruden* v. *Pruden*, 14 Ohio St. 251.

5. Omitted words will be supplied where it is evident the testator has not expressed himself as he intended. 1 Redfield Wills, p. 453, *et seq.*

Applying these rules of construction to the will under consideration, and taking the whole will together, the intention of the testator appears to have been to make special provision by his will for his daughter Rachel Hawkins, as expressed in the second item of the will, by giving her a special legacy over and above the other heirs for the reason and consideration of services which she had rendered for him. Otherwise there is no reason expressed or implied for the making of a will. No fact is stated to show any intention that all of the testator's heirs should not take all the balance of his estate, both real and personal, as the law would have directed the whole estate to go.

In the third item of the will, he undertook to give the names of his heirs to whom he gave the balance of his estate, and in the statement of their names he omitted the name of appellant's ward Kitty D. But in the conclusion of the same item, in fixing the share of each, said ward was included in the language, " one-ninth to the children of each of my children who is deceased." Appellant's ward Kitty D. and Douglass C. are the children of Cyrus M., who was one of the children of the testator, and who was then dead. The latter part of this clause, fixing the shares of each, is in conflict and utterly inconsistent with the idea that appellant's ward

was excluded from any share in the estate; and the quantity of the shares, being subsequent and posterior in local position to the names, must supersede as the last expressed will. The rule in the construction of wills, in this respect, is the reverse of the rule in the construction of deeds. In the latter, the first provision in local position controls, for the reason that the grantor has disposed of his interest, and has no further interest to subsequently convey, while in a will the testator retains the right as long as he lives to change and subsequently regive his property. Therefore, the authorities cited by appellees in relation to the construction of conveyances are not applicable to the construction of wills.

Appellant's ward is expressly included in the concluding clause of the third item of the will, as one of the children of 'Cyrus M. Moore, deceased; and we think that it will not do to say, by conjecture, that she is excluded because her name is omitted in the first clause of the item. See the authorities cited under the above stated third rule of construction.

The construction we have given the will gives effect to each part thereof. The allowing of appellant's ward to take equal with Douglass C., as one of the children of Cyrus M., does not disinherit Douglass C., but leaves him to stand as one of the legatees under the first and last clauses of said third item of the will, but only gives him half instead of all of said ninth share; while the construction contended for by appellees - would give him all of said share, and exclude appellant's ward from any part. Such a construction, as claimed by appellees, ought not to be given, unless it is in accordance with the plainly expressed or implied intention of the testator, which we do not think it would be in this case.

Taking the whole will together, we think that in stating the names of the legatees, the name of appellant's ward was omitted through mistake, and that it was not done with an intention to disinherit her. Such an intention would be contrary to natural justice, and no reason is given for its existence.

We therefore conclude that the will ought to be so con-

strued as to supply the omission, and give to appellant's ward an equal share with Douglass C. in the one-ninth share of the balance of the estate after Rachel's specific legacy is paid.

This we think is doing equal justice to all the testator's children and grandchildren, and is in accordance with the general spirit and intention of the testator as expressed in his will, or is plainly inferable therefrom.

The court erred in sustaining the demurrer to the complaint, and for this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at the costs of the appellees, and that the cause be remanded with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed Jan. 24, 1884. Petition for a rehearing overruled April 2, 1884.