Cooper *et al. v.* Hayes.

Filed June 25, 1884.

---

No. 10,629.

## COOPER ET AL. *v.* HAYES.

PLEADING.—*Joint Demurrer.*—*Practice.*—A demurrer "to the first and second paragraphs of the complaint, for the reason that the same, and neither one of the same, constitute a cause of action," is joint to both paragraphs, and if either be good the demurrer should be overruled.

ASSIGNMENT OF ERROR.—*Defects Cured.*—A joint assignment of errors, defective because the errors alleged were not errors against all the appellants, is cured by the declination of the parties against whom there is no error to join in the appeal.

WILL.—*Construction.*—A testator devised real estate to each of three sons, A., B. and C., which, upon the death of any without issue, should go to the "survivor or survivors," and, upon the death of any one with issue, the land devised to him should go to his children. A. died without issue, then B. died, leaving issue, a daughter, and then C. died without issue, with a widow surviving, to whom he devised all his lands.

*Held,* that on the death of C. the daughter of B. did not take the estate devised to C.

SAME.—*Former Adjudication.*—*Jurisdiction.*—*Judgment.*—*Title to Land.*—A judgment of a court in Ohio construing a will is not conclusive as to the title to lands in this State, though the title depends upon the construction of the will.

From the Dearborn Circuit Court.

*G. Hoadley, E. M. Johnson, E. Colston, O. B. Liddell, H. L. Cooper, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellants.

*J. D. Haynes, J. K. Thompson* and *C. F. Hayes,* for appellee.

BICKNELL, C. C.—Joseph Hayes died seized of real estate in Dearborn county. He devised the same to his brother Abiah Hayes in trust for his son Enoch Hayes. He left three sons, of whom Enoch, the youngest, was twelve years old

when his father died. The testator devised other lands to the same trustee in trust for each of his other sons.

The following are all the provisions of the devise which are material to the present controversy:

"Item 5th. I give and devise to my said brother, Abiah Hayes, in trust for, and to hold the legal title and estate for, my third son, Enoch Hayes, all my real estate which is situated in the county of Dearborn, Indiana, both lands and lots.

"Item 6th. In the above disposition of my property, so far as enumerated, I have aimed to make my three children equal in the distribution of my estate; and, as neither of my children are of age, and neither of them married, my youngest son, Enoch, being about twelve years old, and my eldest son about eighteen years, I direct and request that, after my decease, they shall severally have the possession and the use of the lands devised to my said brother, Abiah Hayes, for the use of them severally, but have no right to sell or dispose of or incumber the same.

"And I further direct and will, that the legal title of all my real estate, so as above devised, shall remain and continue in the said Abiah Hayes, my brother, until my youngest son, Enoch Hayes, arrives at the age of twenty-one years; and, at that period (except as hereinafter directed), I direct, and it is my will, that said trust estate in the said Abiah Hayes, my brother, shall cease and come to an end, and the real estate and other property devised to him in trust for my said sons, Van Hayes, Silas P. Hayes and Enoch Hayes, shall become legally, as well as equitably, vested in them, respectively, as above specifically devised; and, on the arrival at age of said Enoch Hayes, I will that my said brother, Abiah Hayes, do convey to my said sons, Van, Silas and Enoch, respectively, the lands devised to him, as above, in trust for them respectively.

"But it is further my will, and I do hereby will and direct, that if at the time of arrival at full age of my son Enoch, my said brother, Abiah Hayes, shall have reason to fear, and

shall believe that either of my sons will not take proper care of their property, or waste and squander the same, then I direct that the estate of such one, or either, or all of my sons, shall be still held in trust by my said brother until such time as, in his judgment, it is prudent and safe to convey their legal title respectively.

"It is my will, and I enjoin it upon my sons, that they retain and.live upon the property I have devised for their use as long as they live, and that they each leave to their heirs the same property I have given to them unincumbered, and that they strive to increase and add to it, rather than to diminish or incumber it; and I further enjoin upon my sons so to conduct themselves as to their habits and attention to their business as to deserve the confidence of their uncle, Abiah Hayes, and entitle themselves to the legal title to the lands above devised at the earliest period consistent with my will.

"Item 7th. And I further will and direct, that, in case my brother, Abiah Hayes, shall die or become incapacitated from discharging the trusts so as above and hereinafter enjoined upon him, or in case he refuses to act and accept of said trusts, then, in that case, I will and devise to my cousin, Van Hayes, and my nephew, Isaac Hayes, the same lands and property, upon the same trusts as above enumerated, as to said Abiah Hayes, and I enjoin upon them, or the survivor of them, the same duties and trusts and responsibilities which I have provided for in the case my brother accepts of said trust, giving the same rights and enjoining upon them the same duties.

"Item 8th. It is further my will, and I hereby provide and direct, that, in case my youngest son, Enoch Hayes, shall die before he arrives at the age of twenty-one years, that the time when he would have become twenty-one years of age, if he had lived, shall be taken as the time referred to in item sixth, as to when said trust estate shall determine, subject to the conditions in item sixth.

"Item 10th. In case of the death of either of my sons without children, I devise the share of such deceased son or sons to the survivors equally, the legal estate to remain in said trustee for the benefit of the survivors, subject to the same conditions as are provided for in the case of the property devised for their use and benefit; but, in case either of my sons shall die, leaving children, I devise the same property to their children, which I have respectively devised to my said sons; meaning that the children of any of my sons who shall die shall have the same property which is devised for the use of their father.

"Item 16th. I devise, and bequeath, and direct that all the rest and residue of my property, be it real or personal, not herein disposed of, shall be equally divided among my sons, share and share alike. My horses, cattle and hogs to be divided and distributed by my executors among my sons (except as above disposed of), and the money arising from my notes and debts due to me, to be collected by my executors, and equally divided among my sons, or the survivors of them, and paid to them, or invested for their several benefits, as my executors may at the time deem most for the interest of my sons, having reference to their ages and other circumstances."

Van Hayes the oldest brother died, leaving a daughter, Mary; Silas Hayes, the second brother, died without issue, and afterwards Enoch Hayes died without issue, leaving a widow, Ann Hayes, who has since married Samuel Cooper. Enoch Hayes, by his last will, devised the lands in controversy to his said widow. Mary Hayes, the daughter of Van Hayes and granddaughter of Joseph, now brings this suit against Enoch's widow and her present husband, and the trustees named in Joseph's will and others, to recover said land in Dearborn county and damages for the detention thereof.

The complaint is in two paragraphs. The first paragraph is in the usual form, alleging the equitable title and the right to the possession to be in the plaintiff, and that the defendants unlawfully and without right now detain, and for six

years last past have detained, the possession from the plaintiff, to her damage $7,000.

The second paragraph of the complaint sets forth the facts specially, with a copy of the will of Joseph Hayes and the letters testamentary granted thereon, and claims that under said will, when Enoch Hayes died without issue, the right to said lands devolved upon the plaintiff, and that said Enoch had no devisable interest therein, and that the trustees under said Joseph's will had never conveyed the legal title of said land to said Enoch, but had retained the same pursuant to the terms of said will, and that the defendants Cooper and wife now hold, and for six years last past have held, the possession of said lands against the plaintiff unlawfully and without right. This paragraph prays judgment for $7,000 damages, and for the recovery of the land, and that said trustees be ordered to convey said land to the plaintiff, and that she may have all proper relief.

In this complaint the defendants Anna Cooper and Samuel Cooper filed a demurrer in the following form: " Now at this time come Samuel Cooper and Anna Cooper, defendants, and demur to the first and second paragraphs of plaintiff's complaint, for the reason that the same, and neither one of the same, constitute a cause of action against the said defendants herein named."

This demurrer was overruled, and this overruling is assigned as error in the first, second and third specifications of the assignment of errors.

This demurrer is not in the form required by the statute; it fails to state that the pleading demurred to does not contain facts sufficient, and being a demurrer to the entire complaint, and the first paragraph being good, there was no error in overruling the demurrer. *Pine Civil Tp.* v. *Huber, etc., Co.,* 83 Ind. 121, and cases there cited; *Stanford* v. *Davis,* 54 Ind. 45; *Meyer* v. *Bohlfing,* 44 Ind. 238; *Silvers* v. *Junction R. R. Co.,* 43 Ind. 435; *Washington Tp.* v. *Bonney,* 45 Ind. 77.

The fourth specification of error is not mentioned in the appellants' brief, and is therefore regarded as waived.

The defendants, Isaac Hayes and Silas V. Hayes, the trustees, filed a counter-claim, alleging that they were entitled to a lien on said lands for $1,273.36 for the balance of an account due them as trustees, and praying for the enforcement of said lien. The plaintiff answered this counter-claim by a general denial.

The defendants Anna Cooper and Samuel B. Cooper filed an answer in two paragraphs: 1st. The general denial. 2d. A special answer admitting the material facts stated in the complaint, and alleging a former adjudication of the same matter now in controversy, by the court of common pleas of Hamilton county, Ohio, upon a petition of said trustees for a construction of the will of said Joseph Hayes, to which petition the present plaintiff and said Anna Hayes, now Anna Cooper, were defendants.

The plaintiff filed a demurrer to the said second paragraph of the answer of Cooper and wife, and said demurrer was sustained by the court.

The defendants in the suit were Anna Cooper, Samuel B. Cooper, Abiah Hayes, Isaac Hayes, Silas V. Hayes, Stephen B. Hayes and Mary Hayes. The defendants, Abiah Hayes, Stephen B. Hayes and Mary Hayes, failed to appear and were defaulted. The cause was tried by the court upon the complaint, the default aforesaid, the general denial of the defendants Cooper and wife, the counter-claim of the defendants Isaac Hayes and Silas V. Hayes, and the plaintiff's denial of said counter-claim. The court found for the plaintiff, with damages against Cooper and wife, $4,560, and against Anna Cooper the further sum of $1,161.18, and that the trustees were entitled to a lien on the land for $1,273.36.

Cooper and wife moved for a new trial; this motion was overruled; judgment was rendered on the finding in favor of the plaintiff against all the defendants, and for the enforcement of the counter-claim of the trustees.

To the rendering of this judgment the defendants excepted, and prayed an appeal.

The assignment of errors was originally defective, because it was a joint assignment by all the appellants, and the errors alleged were not errors against all the appellants. *Feeney* v. *Mazelin*, 87 Ind. 226; *Eichbredt* v. *Angerman*, 80 Ind. 208. But after the making of the assignment of errors, all of the defendants except Anna Cooper and Samuel B. Cooper declined to join in the appeal. This cures the defective assignment of errors, and enables this court to consider the two questions presented in the brief of the appellants, namely, what is the proper construction of the will of Joseph Hayes? and was the defence of former adjudication sufficient?

It appears by said will that the testator " aims to make his three sons equal in the distribution of his estate," and that he means " in case the sons die leaving children, to give to the children respectively the same property devised to their fathers."

He devises certain lands to trustees for the use of his eldest son, Van Hayes; certain other lands to the same trustees for the use of his second son, Silas P. Hayes; and certain other lands to the same trustees for the use of his youngest son, Enoch.

As these sons were all minors and unmarried, he declares in item six of the will, that after his death they shall severally have the use of and the possession of the lands devised for their benefit respectively, but shall have no right to sell, dispose of, or incumber the same, but that the legal title of all the lands shall remain in the trustees until the youngest shall come of age, and that then *the trust shall cease* (except as hereinafter directed), and the *property* shall become legally as well as equitably vested in the children respectively; and that on the arrival at age of said Enoch, the trustees shall convey to each child the property held in trust for him. If the three sons had all been alive when Enoch came of age,

and if the exception mentioned in item six of the will had not arisen, there would have been no difficulty, the trust would have come to an end at Enoch's majority.

But the exception above mentioned did arise. . The trustees did fear that the estate might be squandered, and, therefore, on Enoch's coming of age, the trust did not cease, but the trustees continued to hold the legal estate of all the lands, under the will, until Enoch died. He died December 1st, 1875, without issue. In the meantime Silas P. Hayes, the second son, died on March 26th, 1867, without issue, and Van Hayes, the eldest son, died on December 8th, 1869, leaving a daughter, the present plaintiff.

When Enoch died the trust came to an end; the use and the possession could no longer be kept apart.

The eighth item of the will provides that if Enoch shall die before attaining the age of twenty-one years, then the time when he would have become twenty-one years of age if he had lived shall be taken as the time when the trust shall determine, subject to the exception aforesaid.

Enoch having lived more than twenty-one years, and the trustees having continued to hold all the lands until his death, by virtue of the exception aforesaid, when Enoch died, more than twenty-one years old, the trust was necessarily determined.

The supposed difficulty in the will arises upon a question of survivorship.

The tenth item of the will provides as follows:

"10th. In case of the death of either of my sons without children, I devise the share of such deceased son or sons to the survivors equally, the legal estate to remain in the trustees for the benefit of the survivors, subject to the same conditions as are provided for in case of the property devised for their use and benefit." The word "survivors" here means the survivors of the sons.

Under this clause, when the son Silas P. Hayes died with-

out children, the trustees held his share for the benefit of the testator's two surviving sons, Van and Enoch, and if Van had died without children, the trustees would have held all the property for the benefit of the survivor Enoch.

But the tenth item of the will provides for another case, as follows: " If either of my sons shall die leaving children, I devise the same property to their children which I have respectively devised to my said sons, meaning that the children of any of my sons shall have the same property which is devised for the use of their father."

While Van and Enoch were alive, the trustees, after the death of Silas P., were holding for the separate benefit of Van and Enoch the shares devised to them respectively, and were holding for the joint benefit of Van and Enoch the property which had been devised for the use of Silas P. If Van had died without children, the trustees would have held the entire property, all three of the shares, for the benefit of the survivor Enoch. But Van died leaving a daughter; clearly she is entitled to all that her father had when he died; the will says she shall have the same property herein devised for the use of her father. There was nothing devised for the use of her father except his own share and what came to him by survivorship on the death of his brother, Silas P. He had a possibility of getting more by surviving his brother Enoch, but he did not survive his brother Enoch; therefore he took nothing by that possibility and had nothing in Enoch's share to transmit to his daughter. So that, after the death of Van, so long as Enoch lived, the trustees were holding for the use of Enoch his own share, and for the use of Van's daughter the share originally devised to Van, and for the joint use of Enoch and Van's daughter they were holding the share originally devised to Silas P.; then Enoch died, and now in this suit Van's daughter, the plaintiff, is claiming under the will that she is not only entitled to the property which her father had, but also to that which her uncle Enoch had when he died, but this claim is directly in conflict with

the plain language and meaning of the will. It is impossible to express more clearly than this will does the intention of the testator that the children of his sons who shall die shall take the property devised to their parents. "My meaning" is, says the testator, "that the children of any of my sons shall have the same property which is devised for the use of their father." There is not a word in the will indicating that Van Hayes' possibility of survivorship, which he lost when he died, because Enoch survived him, should be revived and extended to his daughter. To give the plaintiff what her uncle Enoch took under the will would be giving her more property than was devised for the use of her father, either directly or indirectly, and would contradict the plain words and intention of the will.

Where the intention of a will is plain and violates no rule of law, there is no need of resorting to any technical rules. In Indiana, the intention of the testator, gathered from all parts of the will taken together and forming a consistent whole, must govern. *Jackson* v. *Hoover,* 26 Ind. 511; *Grimes* v. *Harmon,* 35 Ind. 198 (9 Am. R. 690); *Fraim* v. *Millison,* 59 Ind. 123; *Critchell* v. *Brown,* 72 Ind. 539.

The judgment of the court below was contrary to the evidence and contrary to law. The court erred in overruling the motion for a new trial, and for this reason the judgment ought to be reversed.

We think there was no error in sustaining the demurrer to the second paragraph of the answer of Cooper and wife. The Ohio court had no jurisdiction to determine the title to lands in Indiana, and the trust being terminated by the death of Enoch Hayes, there was nothing remaining to be enforced or construed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the cost of the appellee, and this cause is remanded for a new trial.

Filed April 4, 1884.

## On Petition for a Rehearing.

BICKNELL, C. C.—This case may be briefly stated as follows: A. died seized of three parcels of real estate, which, by his last will, were devised to a trustee in trust, one parcel for each of the testator's three sons, with the direction that each son should have the possession and use of his parcel during the continuance of the trust.

The will provided also that the legal estate of all the parcels should remain in the trustee until Enoch, the youngest son, should come of age, or, if he should die a minor, until the time when he would have come of age if alive, and that then said trust should come to an end, and each son should have the legal title to his own parcel, unless the trustee should be of opinion that they would be likely to waste and squander their property, in which event the trustee should continue to hold the legal title until he should deem it prudent and safe to convey it to the sons respectively.

The will then expresses a hope that the sons will reside on their said parcels of land, and will try to increase their property, and to deserve the confidence of their trustee, so that they may gain the legal title at the earliest time provided by the will.

The will then provides that if, pending the trust, any of the sons shall die without issue, his parcel shall go to the surviving sons; but that, if he die leaving children, his share shall not go to the surviving sons, but to such children; and in order that there may be no mistake about the testator's meaning, the will declares " my meaning is that the children of any of my sons who shall die shall have the property devised for the use of their father."

As was stated in the principal opinion, it is impossible to express more clearly than is here expressed the intention of the testator as to what his grandchildren should take on the death of their parents pending the trust. They are to take the same property devised to the use of their father, and no

more. There is not a word in the will giving a grandchild any part of an uncle's share, or any other part than its father's share. *Expressio unius est exclusio alterius.*

The foregoing provisions qualify the trust; when the trust comes to end the parties are to be invested with the legal estate.

If, when Enoch comes of age, the three sons are all alive and worthy, the trust comes to an end, and the sons are each to have the legal title to his own parcel. If one of them dies pending the trust, without issue, then his share is to be held by the trustee for the benefit of the surviving sons; but upon such a death, leaving issue, then the issue is to take its father's share, and that is all of it. This matter was fully stated in the principal opinion.

The facts are that Silas P. Hayes died on March 26th, 1867, without issue; thereupon his share was held by the trustee for the benefit of the survivors, Van Hayes and Enoch Hayes. Afterwards Van Hayes died, leaving a daughter, the present plaintiff; thereupon the trustee held, for the benefit of the plaintiff, just what was held for the benefit of her father at the time of his death, viz., his own parcel and one-half of what was devised for the use of Silas P., who died first. Finally, Enoch died, having bequeathed all his property to his widow. The plaintiff is now in this action seeking to recover the share of her uncle Enoch, after the determination of the trust, in violation of the express language and manifest intention of her grandfather's will.

The cases cited in the principal opinion are decisive of this case. The intention of the testator, gathered from all parts of the will, and forming a consistent whole, devoid of all obscurity and violating no law, must govern.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition is overruled.

Filed June 25, 1884.