No. 11,531.

## JOHN v. BRADBURY, ADMINISTRATOR.

WILLS.—*Construction.*— *Widow.*—*Descents.*—A will gave to the wife of the testator all his property, real and personal, to use, sell and dispose of as she might see fit, " for her own comfort and convenience," with power to convey the real estate in fee simple if her necessities or comfort require it. A subsequent clause directed that the residue of his " property or moneys, if any should be left after her death and full payment of her funeral expenses, be equally divided between" his children, of whom there were two only, the fruit of a former marriage.

*Held,* that any of the property undisposed of and not consumed by the wife went, at her death, to the children, save enough to discharge her funeral expenses.

*Held,* also, that she could not dispose of such property by will.

From the Wayne Circuit Court.

*W. A. Peelle* and *J. F. Robbins,* for appellant.

*H. C. Fox* and *H. S. Howell,* for appellee.

HAMMOND, J.—The following facts are gathered from the pleadings in this case: On January 11th, 1872, Noble Newport executed his will as follows:

" I, Noble Newport, of the county of Wayne, and State of Indiana, do make and publish this, my last will and testament, in form following, to wit:

"Item 1st. I give and bequeath to my wife, Mary C. Newport, my property, both personal and real, to hold and possess, sell, use and dispose of as she may see fit, for her own comfort and convenience, and hereby empower her to sell what realty I may be in possession of at my death, and convey the same by deed in fee simple, if her necessities or comfort require it.

"Item 2d. The residue of my property or moneys, if any should be left after her death and full payment of her funeral expenses, be equally divided between my two (2) children, Joseph W. Newport and Amanda Wright.

"And I hereby constitute and appoint my said wife, Mary C. Newport, my sole executor, without bond or security being required. In testimony whereof, I have hereunto signed my name and affixed seal this 11th day of January, 1872."

The testator died in 1873, owning real estate and personal property of the value of $4,000, and leaving surviving him his widow, said Mary C. Newport, and two children, said Joseph W. Newport and Amanda Wright. These children were by a former marriage. The widow was the testator's second wife, and by her he had no children. After his death, the widow procured the probate of his will, and, without taking out letters of administration, entered into possession of the decedent's property, and occupied, used and enjoyed it the same as her own, during her life. She died in 1882, leaving a will in which she devised and bequeathed her property to certain of her relatives and friends. After her death the appellant took out letters of administration upon the estate of said Noble Newport, and took possession of six promissory notes payable to said Mary C. Newport, which she had received from loans of money derived from the estate of her deceased husband. The appellant, as such administrator, with the proceeds of these notes, paid the funeral expenses of said Mary C., settled the estate of said Noble, and made distribution of the balance to said Joseph W. Newport and Amanda Wright. The appellee, as the administrator with

John v. Bradbury, Administrator.

the will annexed of said Mary C., brought this action against the appellant to recover the value and amount of said notes. An answer was filed by the appellant in five paragraphs, the first of which was the general denial, afterwards withdrawn, and to each of the others of which the appellee's demurrers for want of facts were sustained. The appellant declining to amend, judgment was rendered against him in favor of the appellee for $1,900.

The question presented by the ruling upon the demurrers to the special paragraphs of answer is as to the quantity of the estate that was devised to Mary C. Newport by the will of her husband. Her administrator, the appellee, claims that the will gave her, absolutely, the whole estate, leaving no remainder to go, at her death, to the said children of Noble Newport. The appellant claims, upon the other hand, that the will gave the widow only a life-estate, with the power of disposing of it absolutely, so far as was necessary for her comfort and convenience, and that the residue of the property undisposed of at her death, after payment of her funeral expenses, went to the children of the decedent, named in the second clause of the will. We are of the opinion that the appellant's construction of the will must prevail.

A will should be construed so as to render, if possible, every part of it effective; and in such construction the intention of the testator must govern in all cases where effect can be given to it without violating the rules of law. *Lutz* v. *Lutz*, 2 Blackf. 72; *Kelly* v. *Stinson*, 8 Blackf. 387; *Jackson* v. *Hoover*, 26 Ind. 511.

An " heir is not to be disinherited without an express devise or necessary implication ; such implication importing, not natural necessity, but so strong a probability, that an intention to the contrary can not be supposed." 3 Jar. Wills, 704.

"All the parts of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole, but, where several parts are absolutely irreconcilable, the latter [later] must prevail." 3 Jar. Wills, 705.

The clause in a will which is posterior in local position must prevail, the subsequent words being considered to denote a subsequent intention. *Evans* v. *Hudson,* 6 Ind. 293 ; *Holdefer* v. *Teifel,* 51 Ind. 343 ; *Critchell* v. *Brown,* 72 Ind. 539.

In *Sweet* v. *Chase,* 2 N. Y. 73, it is said : " It frequently happens, that the effect of one clause in a will is qualified by another."

The first clause of the decedent's will, disconnected from the second, would give the whole of his estate to his widow. But the first clause must be construed with the second, and, thus read, the testator's intention becomes plain that he designed to give his widow only a life-estate, with power to dispose of the property absolutely, for her own comfort and convenience, leaving such portion as might be undisposed of at her death, and after payment of her funeral expenses, to his children. It could not have been the intention of the testator that the property undisposed of at her death, devised by his will, should go to her heirs or devisees, strangers to his blood, to the exclusion of his own children. The construction we give the will is quite fully sustained by the following cases : *Baker* v. *Riley,* 16 Ind. 479 ; *Johnson* v. *Battelle,* 125 Mass. 453 ; *Burleigh* v. *Clough,* 52 N. H. 267 ; S. C., 13 Am. R. 23 ; *Pierce* v. *Ridley,* 1 Baxt. (Tenn.) 145 ; S. C., 25 Am. R. 769 ; *Urich's Appeal,* 86 Pa. St. 386 ; S. C., 27 Am. R. 707 ; *Trustees, etc.,* v. *Kellogg,* 16 N. Y. 86 ; *Terry* v. *Wiggins,* 47 N. Y. 512.

We think the court erred in sustaining the demurrers to the appellant's special paragraphs of answer.

The judgment is reversed, at appellee's costs, with instruction to overrule said demurrers, and for further proceedings in accordance with this opinion.

Filed June 19, 1884. Petition for a rehearing overruled Nov. 13, 1884.